**The below described is SIGNED.**




**Dated: July 25, 2007**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>**Nicole Carrillo,**<br><br>Debtor. | Bankruptcy Number 07-20423<br><br>Chapter 7 |

**MEMORANDUM DECISION**

The matter before the Court is the Debtor's Motion to Vacate Discharge to allow her to file a Reaffirmation Agreement. The Court determines that it lacks authority to approve the Reaffirmation Agreement and denies the Motion to Vacate Discharge as futile.

## I. JURISDICTION AND VENUE

The Court has jurisdiction to consider the Debtor's Motion to Vacate under 28 U.S.C. § 1334. Venue is appropriate under 28 U.S.C. § 1408(a).

## II. BACKGROUND

The Debtor, Nicole Carrillo, filed for chapter 7 bankruptcy relief on February 6, 2007. At the time of filing, she owned a 2002 Honda Accord which was subject to a security interest held by Citizen's Bank ("Citizen's"). She timely filed a Statement of Intention indicating a desire to reaffirm the debt owing to Citizen's. As of this Memorandum Decision, the Debtor has not yet filed a Reaffirmation Agreement with Citizen's, and her Motion to Vacate suggests that

ORDER SIGNED

no such agreement has yet been executed by the parties.

On May 16, 2007, the Court entered a chapter 7 discharge in this case. On June 19, 2007, the Debtor filed the present Motion to Vacate Discharge. Specifically, the Debtor states that she seeks to reaffirm the debt secured by the Accord, and asks the Court to vacate her discharge as to Citizen's only. The Debtor also requests the Court to reissue the discharge once a Reaffirmation Agreement with Citizen's has been filed.

## III. ANALYSIS

11 U.S.C. § 524(c)[1] provides that a reaffirmation agreement is enforceable only if the agreement meets certain specific requirements. One of these requirements is that the reaffirmation agreement must be made before the granting of a discharge under § 727.[2] "Reaffirmation agreements entered into after the granting of a debtor's discharge have no legal significance."[3] To avoid this result, Bankruptcy Rule 4004(c)(2) allows a debtor to defer the entry of a discharge.

In light of this statutory scheme, most courts addressing this issue have held it is improper to vacate a discharge order to allow a debtor to enter into a reaffirmation agreement.[4] The Court agrees with the reasoning of these courts. Section 524(c)(1) is clear on its face. A

ORDER SIGNED

---

[1]All statutory references hereinafter are to the Bankruptcy Code, unless stated otherwise.

[2]11 U.S.C. § 524(c)(1).

[3]In re Wilhelm, — B.R. —, 2007 WL 1705655 at *1 (Bankr. M.D.N.C. June 8, 2007).

[4]Wilhelm, 2007 WL 170655 at *1; In re Cottrill, 06-00819, 2007 WL 1760927 (Bankr. N.D. W.Va. June 19, 2007) (unpublished); In re Huffman, 07-50139, 2007 WL 1856770 (Bankr. M.D.N.C. June 25, 2007) (unpublished); In re Stewart, 355 B.R. 636 (Bankr. N.D. Ohio 2006); In re Rigal, 254 B.R. 145 (Bankr. S.D. Tex. 2000); In re Brinkman, 123 B.R. 611 (Bankr. N.D. Ind. 1991); In re Leiter, 109 B.R. 922 (Bankr. N.D. Ind. 1990).

debtor must enter into a reaffirmation agreement before a discharge is issued. The Court would undermine this statutory requirement and obfuscate its importance if it granted the relief requested. The debtor does not point to any specific authority which would allow the Court to reach such a result and neither does the Court believe that such authority exists.[5]

The Debtor in this case failed to enter into a reaffirmation agreement with Citizen's before the Court entered a chapter 7 discharge. She did not timely request a delay of the discharge under Bankruptcy Rule 4004(c)(2) and she waited more than a month after the order of discharge to file the present Motion to Vacate.[6] The Court determines that it lacks authority to vacate the discharge.[7]

## IV. CONCLUSION

The Debtor's Motion to Vacate Discharge should be DENIED. A separate order accompanies this Memorandum Decision.

ORDER SIGNED

---

[5]See Cottrill, 2007 WL 1760927 at *4 (Bankr. N.D.W.Va. June 19, 2007) (unpublished) (holding that a court cannot find authority under § 105(a) to negate substantive rights or remedies expressed in the code).

[6]It is also unclear to the Court whether it would have jurisdiction to consider a reaffirmation agreement at this time, even if the Motion to Vacate was granted. Section 521(a)(6) provides that personal property which is secured "for the purchase price" is no longer property of the estate if a debtor fails to reaffirm or redeem the property within 45 days of the meeting of creditors. The Court is aware of varying opinions interpreting this provision, and lacks sufficient evidence to suggest whether § 521(a)(6) is applicable in this case. See, e.g. In re Blakeley, 363 B.R. 225 (Bankr. D. Utah 2007).

[7]The Court is aware that local practice may have allowed similar Motions to Vacate Discharge in the past. In light of the reasoning of this Memorandum Decision, however, it appears that practice is inappropriate and should be discontinued.

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Nathan Winesett
Jody Howe
Utah Bankruptcy Professionals
9227 South 1300 East
Sandy, UT 84094

Nicole Carrillo
3439 Crichton Cove
Salt Lake City, UT 84128

Joel Marker
170 South Main Street, Suite 800
Salt Lake City, UT 84101

Laurie Cayton
U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

ORDER SIGNED